IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEFFON TERRELL SIMMS,

    Petitioner,                      No. CIV S-06-1722 GEB KJM P

    vs.

D.K. SISTO,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his Sacramento County Superior Court conviction for a violation of California Penal Code § 261. Respondents have moved to dismiss the petition for failure to exhaust state remedies for some of the claims raised in the petition.

A. Background

        Petitioner raises four claims in his petition: (1) trial counsel was ineffective for failing to investigate the case properly and for failing to file a "Rost"[1] motion and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness; (2) false evidence was presented during pretrial proceedings and trial; (3) the application of California Penal Code § 295

---

[1] Rost v. Municipal Court, 184 Cal.App.2d 507 (1960).

1

1  violated the Ex Post Facto Clause and petitioner's right to due process; and (4) his sentence
2  violates Blakely v. Washington, 542 U.S. 296 (2004).
3        On direct appeal, petitioner raised three issues: (1) the trial court denied petitioner
4  his right to present a defense when it excluded evidence that the victim had made prior false
5  claims of rape and assualt; (2) petitioner's Fourth Amendment rights were violated by the
6  involuntary collection and testing of his blood; and (3) petitioner's sentence violated Blakely v.
7  Washington.  Lodged Documents (Lodg. Doc.) 2 (opening brief) and 3 (petition for review
8  following Court of Appeal's decision).  The California Supreme Court denied review of these
9  claims on March 23, 2005, without prejudice to returning with his Blakely claim after that court's
10 decision in two then-pending cases.  Lodg. Doc. 4.
11       On July 31, 2005, petitioner mailed a habeas petition to the California Supreme
12 Court, reiterating his Blakely claim; this was denied on May 24, 2006.  Lodg. Docs. 5 & 6.
13       Before the Supreme Court denied this petition, petitioner filed a new habeas
14 petition in the Court of Appeal, which was assigned case number C052631, and a motion to
15 recall the remittitur, which was filed in case number C046461, opened upon the filing of
16 petitioner's direct appeal.  See In re Simms, No. C052631 (Cal. Ct. App.) & People v. Simms,
17 No. C046461 (Cal. Ct. App.) (both dockets available on line by searching Third District Court of
18 Appeal cases at http://appellatecases.courtinfo.ca.gov/search, accessed 11/29/07).  The habeas
19 petition raised three claims: ineffective assistance of trial and appellate counsel, the presentation
20 of materially false information during the trial proceedings, and the collection of his blood
21 violated the Ex Post Facto Clause.  Lodg. Doc. 7.[2]  The Court of Appeal denied this petition on
22 May 18, 2006; on the same day, it denied petitioner's motion to recall the remittitur without
23 comment or citation.  Lodg. Docs. 8 & 11.
24 /////

---

[2] Respondent has not lodged a copy of petitioner's motion to recall the remittitur.

Following the denial, petitioner filed a petition for review, describing the reason the review should be granted as follows:

> To clarify whether California's habeas corpus legal standards pronounced in the courts holding in People vs. Duvall, supra., Id. are to be consistently applied to petitioners legal claims contained in his recall remittitur application, etc., and petition for writ of habeas corpus, and which are to be deemed set forth herein for the courts consideration, when the court of appeal habeas corpus record is transmitted to this court under the California rules of court

Lodg. Doc. 9 at 2 (reproduced as in original).  In the statement of the case, petitioner complained that he sent a motion to recall the remittitur along with numerous exhibits in the same envelope as his writ petition, yet received a docket sheet from the Court of Appeal suggesting that the writ petition and not the motion had been docketed.  Id.  In addition, he complained of the brevity of the Court of Appeal's consideration of his habeas petition and motion to recall the remittitur.  Id. at 4.

On June 20, 2006, while the first petition for review was pending, petitioner filed a petition for review, challenging the denial of his motion to recall the remittitur.  He described the issue presented for review as follows:

> Whether the extensive factual allegations and legal claims of ineffective assistance of trial and appellate counsel contained in <u>attached</u> affidavit to recall remittitur application required court to vacate judgment of affirmance, reinstate the former appeal and appoint new counsel to represent petitioner . . . .
>
> In addition, it is requested that those issues of fact and law pertinent to the recall remittitur application and contained in the related petition for review <u>pending</u> now before the court . . . be "deemed" set forth herein . . . .supportive of petitioners . . . ineffective assistance of trial and appellate counsel claim's herein.

Lodg. Doc. 11 at 2 (reproduced as in original).[3]  This petition was denied on July 26, 2006,

---

[3] Responded has attached an additional document to this petition.  This document is stamped "Received May 30, 2006 Clerk Supreme Court" and is entitled "Supplemental Petition For Review, Declaration And Combined Memorandum Of Points And Authorities."  Above this title, the document reads "Lower Court of Appeal Recall Remittitur Application C046461."

without comment or citation.  Lodg. Doc. 12; Opp'n at 10 (Exhibit).[4]

B. <u>Analysis</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.1986).  The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Respondent concedes that petitioner's <u>Blakely</u> claim has been exhausted, but argues that the remaining claims were presented "in a procedural context in which the merits were not considered. . . . "  Mot. to Dismiss at 5:6-7.  He relies in part on <u>Castille v. Peoples</u>, 489 U.S. 346, 348, 351-52 (1989), which held that a claim brought in a petition for allocatur before the Pennsylvania Supreme Court did not satisfy the requirement of fair presentation because of the discretionary nature of allocatur review in Pennsylvania.  Respondent also relies on the

---

Petitioner alleges he could not have discovered the grounds for this supplemental pleading before mailing the original petition for review, because it was not until then that he learned the Court of Appeal had returned a supplemental affidavit mailed in support of the motion to recall the remittitur.  Lodg. Doc. 11, Supplemental Petition at 2.  The supplemental affidavit itself is attached; it provides some more factual background for his challenge to the collection of his blood for DNA testing.

Another attachment to Lodged Document 11 is a "legal letter" addressed to the Clerk of the California Supreme Court and referencing Court of Appeal's case numbers C052631 and C046461.  It, too, is stamped "Received" on June 5, 2006.  In this letter, petitioner urges a speedy resolution of his claims for ineffective assistance of counsel and ex post facto violation.  Lodg. Doc. 11, Letter dated "June 1, 06."

These additional documents have no bearing on the court's resolution of the motion to dismiss.

[4] The page cite to the Opposition is to the page number assigned by CM/ECF.

question petitioner presented for review following the denial of his habeas petition. Mot. to Dismiss at 5:3-6. The court does not agree, for the reasons set forth below.

First, petitioner filed a petition for review from the denial of his motion to recall the remittitur, asking the California Supreme Court to consider whether the Court of Appeal properly evaluated his claims of ineffective assistance of trial and appellate counsel in denying the motion. Citing no authority, respondent claims that this petition for review was not an appropriate procedural vehicle for raising petitioner's claims.

In People v. Mutch, 4 Cal.3d 389, 396-97 (1971), the California Supreme Court discussed the impact of a motion to recall the remittitur:

> As a general rule, an error of law does not authorize the recalling of a remittitur. An exception is made, however, when the error is of such dimensions as to entitle the defendant to a writ of habeas corpus. The remedy of recall of the remittitur may then be deemed an adjunct to the writ, and will be granted when appropriate to implement the defendant's right to habeas corpus.

In Hayward v. Stone, 496 F.2d 844, 845-46 (9th Cir. 1974), the Ninth Circuit concluded that issues raised in a motion to recall the remittitur may be properly exhausted in light of California case law's expansion of the issues cognizable on such a motion to include ineffective assistance of counsel on appeal and because the appropriate remedy would be a reinstatement of the appeal. It concluded:

> When the petitioner employs an application to recall the remittitur in appropriate circumstances . . . then a denial of the application, followed by a denial of a petition for hearing by the California Supreme Court, exhausts an appropriate state court remedy, unless the California court expressly or by an appropriate citation indicates that the denial is on procedural grounds.

Id. at 846. Petitioner's claim of ineffective assistance of appellate counsel thus was presented to the California Supreme Court in an appropriate procedural posture.[5]

---

[5] See also El Muhammad v. Woodford, 2006 WL 462548 (E.D. Cal. 2006) (findings and recommendations, ultimately adopted, discussing Hayward and reaching analogous conclusion).

1   Second, although the question presented in the petition for review challenging the
2 denial of the habeas petition is awkwardly phrased, it nevertheless permitted the Supreme Court
3 to reach the merits of the three issues raised in the habeas petition filed in the Court of Appeal.
4 As noted above, petitioner asked the Supreme Court to consider whether the lower court properly
5 applied People v. Duvall, 9 Cal.4th 464 (1995), in rejecting his petition.  In Duvall, the Supreme
6 Court described the process for evaluating a writ petition:

> An appellate court receiving such a petition evaluates it by asking whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief.  If no prima facie case for relief is stated, the court will summarily deny the petition. If, however, the court finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an OSC.

12 Id. at 474-75.  To determine whether the Court of Appeal had complied with Duvall, the
13 Supreme Court would be required to determine whether the lower court evaluated the merits of
14 petitioner's claims correctly.  In this procedural posture, the Supreme Court would thus consider
15 the merits of the claims presented in the writ below.  This is sufficient to exhaust state remedies.
16   IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be denied
17 and that he be directed to file an answer within sixty days of any order adopting these findings
18 and recommendations.
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 20, 2007.

_____
U.S. MAGISTRATE JUDGE

2/simm1722.mix