1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   STEFFON TERRELL SIMMS,                        No. 2:06-CV-01722-NRS

11        vs.

12   D.K. SISTO, WARDEN

13                                  ORDER

14        The Petitioner's Federal Habeas Corpus petition, Petitioner's Request for an

15   Evidentiary Hearing, Petitioner's Request for Sanctions against Respondent, and

16   Petitioner's Motion for Reconsideration of Reassignment of Judge now come

17   before the Court for decision.  We deny each of Petitioner's claims and dismiss

18   Petitioner's Habeas petition without prejudice.

19                               BACKGROUND

20        Because the parties are familiar with the factual background of this case, the

21   Court highlights here only the events giving rise to the current federal action.

22   After exhausting his direct appeals, Petitioner filed a petition for a writ of habeas

23   corpus and an application to recall the remittur in the California Court of Appeals,

24   Third Appellate District, on May 15, 2006.  The California Court of Appeals

25   denied both petitions on May 18, 2006.  On May 26, 2006, Petitioner filed a

26   petition for review in the California Supreme Court arguing that the Court of

                                        1

1 Appeals did not consider his application to recall the remittur.  The California

2 Supreme Court denied review.  Shortly thereafter on June 20, 2006, Petitioner filed

3 another petition with the California Supreme Court challenging the Court of

4 Appeals's denial of his motion to recall the remittur.  The California Supreme

5 Court denied review of the petition on July 26, 2006.  On August 4, 2006,

6 Petitioner filed his petition for a federal writ of habeas corpus pursuant to 28

7 U.S.C. § 2254.  On April 5, 2007, Respondent filed a motion to dismiss, arguing

8 Petitioner had failed to exhaust his state remedies.  The Magistrate Judge disagreed

9 and issued Findings and Recommendations, wherein the Magistrate Judge

10 recommended denying Respondent's motion to dismiss.  On February 22, 2008,

11 the Court adopted the Magistrate's Findings and Recommendations and ordered

12 Respondent to file an answer to Petitioner's habeas petition.  Respondent filed his

13 answer on April 21, 2008.  On June 24, 2008, Petitioner filed a Traverse, along

14 with (1) his motion for an evidentiary hearing and (2) his request that the Court

15 issue sanctions against Respondent for noncompliance with a state document

16 production order.  On December 1, 2008, this action was reassigned to another

17 judge.  Shortly thereafter, Petitioner moved the Court for reconsideration of its

18 reassignment.

19                                    I. HABEAS PETITION

20        In his habeas petition, Petitioner alleged four grounds: (1) Ineffective

21 assistance of trial and appellate counsel; (2) Substantially materially false evidence

22 was presented during Petitioner's pre-trial and jury trial proceedings; (3) Violation

23 of Ex Post Facto Clause; and (4) Erroneous sentence under *Blakely v. Washington*,

24 542 U.S. 296 (2004).  Each argument fails on the pleadings.  Accordingly, the

25 Court dismisses Petitioner's habeas petition without prejudice.

26        This Court may entertain a petition for writ of habeas corpus "in behalf of a

1  person in custody pursuant to the judgment of a State court only on the ground that

2  he is in custody in violation of the Constitution or laws or treaties of the United

3  States." 28 U.S.C. § 2254(a).

4      Under the Anti-Terrorism and Effective Death Penalty Act of 1996

5  ("AEDPA"), an application for habeas corpus will not be granted unless the

6  adjudication of the claim "resulted in a decision that was contrary to, or involved

7  an unreasonable application of, clearly established Federal law, as determined by

8  the Supreme Court of the United States;" or "resulted in a decision that was based

9  on an unreasonable determination of the facts in light of the evidence presented in

10  the State court proceeding." 28 U.S.C. § 2254(d).  "[A] federal habeas court may

11  not issue the writ simply because that court concludes in its independent judgment

12  that the relevant state-court decision applied clearly established federal law

13  erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)

14  (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)).  "Rather, that application

15  must be objectively unreasonable." *Id.* at 76.

16      Moreover, Habeas Rule 4 requires the Court to make a preliminary review of

17  each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

18  plainly appears from the petition . . . that the petitioner is not entitled to relief."

19  Rule 4 of the Rules Governing 2254 Cases.

20      For purposes of AEDPA review, this Court looks to the last reasoned state

21  court decision as the basis for the state court judgment. *Ylst v. Nunnemaker*, 501

22  U.S. 797, 803–04 (1991).  The California Court of Appeals's summary denial of

23  the petition operates as the last reasoned state court decision. *See Hunter v.*

24

25

26

1  *Aispuro*, 982 F.2d 344, 348 (9th Cir. 1992).[1]  Thus, the Court must determine

2  whether the California Court of Appeals's denial of Petitioner's habeas petition

3  "resulted in a decision that was contrary to, or involved an unreasonable

4  application of, clearly established Federal law, as determined by the Supreme

5  Court of the United States;" or "resulted in a decision that was based on an

6  unreasonable determination of the facts in light of the evidence presented in the

7  State court proceeding." 28 U.S.C. § 2254(d).

8  A. Ineffective Assistance of Trial Counsel

9        Petitioner first argues that his trial counsel was ineffective for failing to

10 argue a Fourteenth Amendment Due Process violation.  Though the victim in this

11 case filed her complaint in summer 1998, Petitioner was not arrested until spring

12 2003.  Petitioner contends that this delay was unjustified and that his counsel

13 should have investigated and raised this issue at trial.  Petitioner's argument,

14 therefore, is two-fold: (1) the delay between the filing of the complaint and his

15 arrest was unjustified and violated his Due Process rights; and (2) counsel's failure

16 to investigate and raise this issue (in the form of a *Rost* motion or otherwise)

17 constituted ineffective assistance of counsel.

18       In deciding whether to grant habeas relief, this Court must determine: (1)

19 whether the delay in Petitioner's arrest violated his due process rights; (2) if the

20 delay did constitute a due process violation, whether Petitioner's counsel was

21 ineffective for not investigating or raising the issue at trial; and (3) if there was a

22

23        [1]In his Traverse, Petitioner argues that the Court of Appeals's decision does not
   constitute the last reasoned state court decision. *See* Pet. Traverse at 8.  However, Petitioner
24 suggests no alternative decision and concedes that such summary dismissals constitute
   adjudication on the merits.  Petitioner nevertheless argues that the Court is required to conduct
25 an independent review. Pet. Traverse at 1 (citing *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir.
   2002)).  This argument is irrelevant as to whether the Court of Appeals's decision constitutes the
26 last reasoned state court decision.

due process violation and Petitioner's counsel was ineffective for failing to raise the issue at trial, whether the California state court's adjudication of that issue warrants habeas relief under the AEDPA standards.  Petitioner's argument fails under each test.

1.Whether the Delay in Petitioner's Arrest Violated Petitioner's Fourteenth Amendment Due Process Rights

The Ninth Circuit has developed "a two-prong test for determining if pre-indictment delay has risen to the level of a denial of due process."  *United States v. Moran*, 759 F.2d 777, 780 (9th Cir. 1985).  "The first prong of this test is that the defendant must prove 'actual prejudice' occurred from the delay."  *Id.*  Once actual prejudice is shown, "the length of the pre-indictment delay and the reason for that delay must be weighed to determine if due process has been violated."  *Id.* at 781.  California law adds an additional layer of protection, in the form of a *Rost* motion.  In *Rost v. Municipal Court*, 7 Cal. Rptr. 869 (Cal. Dist. Ct. App. 1 1960), the court, apparently relying on the California Constitution, held that "the constitutional requirement of a speedy trial requires that a defendant be served with a warrant of arrest within a reasonable time after the filing of the complaint."  *Id.* at 873.

Petitioner alleges that, due to the delay, he was unprepared to testify, he was unable to prepare a credible alibi defense, and he was hindered in rendering an accurate account of past events.[2]

Absent evidence of government culpability, "bald assertions" of prejudice

[2]In his Traverse, Petitioner also argues that the delay prejudiced him by preventing him from calling certain expert witnesses.  *See* Pet. Traverse at 9–14.  However, this argument differs from that raised in Petitioner's original petition.  Respondent has not had a chance to address those arguments.  Thus, the Court hesitates to reach that argument here.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.  In order for the state to be properly advised of additional claims, they should be presented in an amended petition or . . . in a statement of additional grounds.").  However, because the Court concludes the delay was reasonable, notwithstanding the prejudice Petitioner allegedly suffered, Petitioner's claim on this basis is dismissed as well.

1   are insufficient to plead prejudicial delay.  *Moran*, 759 F.2d at 783.  In this case,

2   Petitioner has provided only bare bone allegations that his defense was prejudiced.

3   Petitioner contends that his alibi defense was weakened, but fails to allege exactly

4   how, if at all, an earlier arrest would have bolstered his alibi defense.  He does not

5   state what facts, if remembered, would have helped his testimony or added to his

6   credibility.   Moreover, any claim that the evidence was stale after five years is

7   mitigated by the fact that Petitioner was arrested within the statutory time period.

8   *See United States v. Lovasco*, 431 U.S. 783, 789 (1977) ("[The] statute of

9   limitations, which provide predictable, legislatively enacted limits on prosecutorial

10  delay, provide 'the primary guarantee against bringing overly stale criminal

11  charges.'") (citation omitted).  Thus, based on this record, the Court finds

12  Petitioner has not put forth sufficient facts to show he was prejudiced by the pre-

13  arrest delay.

14        However, even if Petitioner was prejudiced, under both *Rost* and *Moran*, a

15  court must weigh whether the delay was reasonable.  Under this second prong, the

16  Court concludes that the delay was not unreasonable and, thus, there was no Due

17  Process violation.  It appears the prosecution decided to charge Petitioner in 2003,

18  because that was when Petitioner's DNA was matched with the DNA extracted

19  from the victim's vaginal swab.  Moreover, there is no evidence of prosecutorial

20  misconduct or deceitful intent in deciding to bring criminal charges in 2003, within

21  the statute of limitations, and after the discovery of direct DNA evidence.  In

22  Petitioner's case, the pre-indictment delay was neither prejudicial nor

23  unreasonable.

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

   2. Whether Counsel's Failure to Raise the Prejudicial Delay Issue was
   Ineffective

   Petitioner argues that trial counsel's failure to investigate and raise the

Fourteenth Amendment issue constituted ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the two-prong test

articulated in *Strickland v. Washington.* 466 U.S. 668, 687 (1984).  Under

*Strickland*, the Court must determine: "(1) whether the performance of counsel was

so deficient that he was not functioning as 'counsel' as guaranteed under the Sixth

Amendment; and (2) whether this deficient performance prejudiced the defendant

by depriving him of a fair trial." *United States v. Davis*, 36 F.3d 1424, 1433 (9th

Cir. 1994) (citing *Strickland*, 466 U.S. at 691–92).  "In determining whether

counsel's performance was deficient, [the Court] appl[ies] an objective standard of

reasonableness, indulging a strong presumption that a counsel's conduct falls

within the wide range of reasonable professional assistance."  *Id.* (citing *Strickland*,

466 U.S. at 689).  Under *Strickland*, the Court determines not what defense counsel

*could* have pursued, but rather whether counsel's strategy was *reasonable*.

*Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998).

   If the pre-indictment delay had been unreasonable, then counsel's decision

not to investigate or argue the issue at trial would more likely constitute ineffective

assistance of counsel.  However, because the delay in Petitioner's arrest was

reasonable (for all the reasons noted, i.e. arrest was made within the statute of

limitations, the police had no evidence until 2003, no evidence of malicious intent,

the high standard for proving Due Process violations under these circumstances),

the Court cannot conclude that Petitioner's counsel was defective for choosing not

to pursue that argument.  *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("[A]

[c]ounsel's failure to make a futile motion does not constitute ineffective assistance

7

of counsel.").

      3. Whether the California State Court's Adjudication of Petitioner's claims Should Result in Habeas Relief under AEDPA

The Court's ultimate task is to determine whether the California Court of Appeals's adjudication of the issue  "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As no prima facie due process or ineffective assistance of counsel claim has been shown, the Court cannot conclude that the California Court of Appeals's adjudication of Petitioner's claim warranted habeas relief under AEDPA.

B. Ineffective Assistance of Appellate Counsel

Petitioner also contends his appellate counsel was ineffective for failing to appeal the issue that the state's five-year delay in making its arrest violated the Fourteenth Amendment.  *See* Pet. Traverse at 15–16.  "[T]he proper standard for evaluating [Petitioner's] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland v. Washington*."  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  For the same reasons Petitioner's ineffective assistance of trial counsel claim fails, the Court finds appellate counsel was not ineffective for declining to pursue a claim that had little likelihood of success.

C. Materially False Evidence

Petitioner next alleges false evidence was presented at trial.  This claim also fails.

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."  *James*, 24 F.3d at 26 (citing *Boehme v.*

1   *Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)).

2       It is not entirely clear what Petitioner is alleging here.  Petitioner merely

3   wrote "substantially materially false evidence was presented during petitioner's

4   pre-trial and jury trial proceedings."  Habeas Petition at 5.  However, nowhere in

5   the accompanying documents has Petitioner clarified the facts or theory behind this

6   claim.  Petitioner's claim here is not supported by a statement of specific facts, is

7   unclear, and does not warrant habeas relief.

8   D. Violation of Ex Post Facto Clause

9       Petitioner argues that the application of California Penal Code section 295 to

10  his pre-1998 conviction under California Penal Code section 273.5 violates the Ex

11  Post Facto clause of the United States Constitution.  Under AEDPA, the Court

12  does not determine whether the application of section 295 violates the Ex Post

13  Facto clause, but rather whether the California Court of Appeals's adjudication of

14  Petitioner's claim on this ground "resulted in a decision that was contrary to, or

15  involved an unreasonable application of, clearly established Federal law, as

16  determined by the Supreme Court of the United States;" or "resulted in a decision

17  that was based on an unreasonable determination of the facts in light of the

18  evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The Court

19  finds the state court decision did not meet either of these standards and denies

20  habeas relief on this ground.

21      Petitioner was convicted of domestic abuse under California Penal Code

22  section 273.5 in 1997.  In 1998, California enacted section 295 of the California

23  Penal Code, which gave law enforcement authorities the right to collect DNA

24  samples from individuals convicted of certain crimes, including those convicted

25  under California Penal Code section 273.5.  In 1998, the victim in this case alleged

26  rape and a DNA sample was collected from a vaginal swab of the victim.  Under

1   the 1998 law, authorities collected a DNA sample from Petitioner in 1999.  In

2   2003, law enforcement authorities matched Petitioner's 1998 DNA sample with the

3   DNA sample collected from the victim's vaginal swab.  In sum, Petitioner argues

4   that the application of section 295, which was enacted after Petitioner had already

5   been convicted under section 273.5, constituted a violation of the Ex Post Facto

6   clause of the United States.

7        The Supreme Court has clarified the meaning of the Ex Post Facto clause.

8   In sum, the clause prohibits: "[1] any statute which punishes as a crime an act

9   previously committed, which was innocent when done; [2] which makes more

10  burdensome the punishment for a crime, after its commission[;] or [3] which

11  deprives one charged with crime of any defense available according to law at the

12  time that the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)

13  (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925)).  Further, a statute that is

14  not punitive cannot be ex post facto.  *See Smith v. Doe*, 538 U.S. 84, 92–97 (2003).

15       Under the first prong of the *Collins* test, section 295 does not criminalize

16  any retroactive behavior.  Under the third prong, section 295 does not deprive a

17  defendant of any defense available.[3]  Thus, whether section 295 constitutes an ex

18  post facto law hinges on whether, under the second prong, it "makes more

19  burdensome the punishment for a crime, after its commission." *Collins*, 497 U.S.

20  at 42.  It does not.

21       Requiring the collection of a DNA sample after the commission of a crime

22  did not enhance Petitioner's sentence or affect his parole in any way.  At most, the

23  statute slightly burdened Petitioner by requiring him to submit the sample.  This

24

25       [3]Whether the DNA collection was unlawful under the Fourth Amendment is an
    independent inquiry.  Though Petitioner moved to suppress the DNA evidence at trial (which
26  motion was denied), Petitioner has not raised the issue in this habeas petition.  The Court,
    therefore, does not address it.

1   can hardly be charactered as punitive.  *Cf. Smith*, 538 U.S. at 103–06 (holding that

2   retroactively requiring sex offenders to register was not punitive and did not

3   violate the Ex Post Facto clause).[4]

4        Accordingly, the California Court of Appeals's decision was not "contrary

5   to, or involved an unreasonable application of' any clearly established Supreme

6   Court precedent; nor was the state court decision "based on an unreasonable

7   determination of the facts."  Habeas relief, therefore, is not warranted under

8   AEDPA.

9   E. Erroneous Sentence Under *Blakely v. Washington*

10       Finally, Petitioner argues that the California state court's imposition of the

11  upper-term sentence of eight years violated his Sixth Amendment Right to a Jury

12  Trial under the Supreme Court's *Blakely* decision.  Again, the Court must review

13  Petitioner's claims under AEDPA, which limits the Court's review to determining

14  whether the California court's adjudication of this issue "resulted in a decision that

15  was contrary to, or involved an unreasonable application of, clearly established

16  Federal law, as determined by the Supreme Court of the United States;" or

17  "resulted in a decision that was based on an unreasonable determination of the

18  facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

19  § 2254(d).  The California court's decision did neither; the Court, therefore, denies

20  habeas relief on this ground.

21       Petitioner was convicted of forcible rape as defined by California Penal

22  Code section 261.  The court then sentenced him to eight years in prison according

23  to California Penal Code section 264, which authorizes sentences of three, six, or

24

25       [4]In *Smith*, the Court described a process for determining whether the legislature intended
    a statute to be punitive.  538 U.S. at 92–96.  The Court need not examine legislative intent in this
26  instance, because section 295 is, on its face, not punitive.

11

1  eight years for convictions of forcible rape.  Because the state court based its

2  decision on Petitioner's prior criminal history and unsatisfactory parole and

3  probation performance, Petitioner argues that the court enhanced Petitioner's

4  sentence based on factors not presented to the jury.

5       In *Blakeley*, the Supreme Court emphasized first that, "'[o]ther than the fact

6  of a prior conviction, any fact that increases the penalty for a crime beyond the

7  prescribed statutory maximum must be submitted to a jury, and proved beyond a

8  reasonable doubt.'"  542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S.

9  466, 490 (2000)).  The Court further clarified that "the 'statutory maximum' for

10 *Apprendi* purposes is the maximum sentence a judge may impose *solely on the*

11 *basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Id.* at

12 303 (emphasis in original).  While striking down a Washington statute that allowed

13 judges to impose sentences that went above the statutory maximum for "substantial

14 and compelling reasons," *id.* at 299, the Court distinguished the sentence at issue

15 from those litigated in other cases which the Court upheld, *id.* at 304–05.  The

16 Court emphasized that, because those cases did not "involve[] a sentence greater

17 than what state law authorized on the basis of the verdict alone," *id.* at 305, the

18 sentences were appropriate.

19      In Petitioner's case, state law authorizes a sentence of eight years on the

20 basis of a guilty verdict for forcible rape.  *See* California Penal Code section 264.

21 Therefore, even if the state court considered factors not before the jury, its ultimate

22 sentence did not exceed the statutory maximum.  Thus, neither *Apprendi* nor

23 *Blakely* were implicated.  Therefore, the California Court of Appeals's decision

24 was not "contrary to, or involved an unreasonable application of" any clearly

25 established Supreme Court precedent.  Likewise, the state court decision was not

26 "based on an unreasonable determination of the facts."  Accordingly, the Court

1   denies habeas relief on this claim.

## II. REQUEST FOR EVIDENTIARY HEARING

3   Petitioner has requested the Court hold an evidentiary hearing, in which

4   Petitioner will be able to more fully present his ineffective assistance of counsel

5   claim.  "In deciding whether to grant an evidentiary hearing, a federal court must

6   consider whether such a hearing could enable an applicant to prove the petition's

7   factual allegations, which, it true, would entitle the applicant to federal habeas

8   relief. . . . It follows that if the record refutes the applicant's factual allegations or

9   otherwise precludes habeas relief, a district court is not required to hold an

10  evidentiary hearing."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

11  For all the reasons noted above, this record precludes granting an evidentiary

12  hearing.

## III. REQUEST FOR SANCTIONS AGAINST RESPONDENT

14  Petitioner has moved the court, pursuant to Rules 11 and 37 of the Federal

15  Rules of Civil Procedure, to impose sanctions on Respondent for failing to produce

16  certain documents.  The Court denies Petitioner's motion.

17  Rule 11 allows courts to impose sanctions on an attorney when that attorney

18  has presented the court, in bad faith, with certain documents for an improper

19  purpose.  Fed. R. Civ. P. 11(b).  Rule 37 allows courts to impose sanctions when an

20  attorney fails to produce certain required disclosures.  Fed. R. Civ. P. 37(a).

21  Respondent filed a Motion to Dismiss for failure to exhaust state remedies

22  in response to Petitioner's habeas petition.  In his reply memo, Petitioner argued

23  that Respondent had failed to lodge a copy of Petitioner's state court motion to

24  recall the court's remittur.  Petitioner claimed that document proved his allegedly

25  unexhausted claims were in fact exhausted.  In the Magistrate Judge's Findings and

26  Recommendations, the Court noted that "Respondent ha[d] not lodged a copy of

1   petitioner's motion to recall the remittur."  Findings and Recommendations at 2

2   n.2.  However, this fact was irrelevant, as the Magistrate Judge nonetheless denied

3   Respondent's motion to dismiss.  In his Answer, Respondent noted that he had not

4   received a copy of Petitioner's application to recall the remittur.  Respondent's

5   Answer at 3 n.2.  Now, apparently in response to this footnote, Petitioner alleges

6   the Court should impose sanctions against Respondent for: (1) failing to produce

7   this document and (2) making false and misleading representations to the Court.

8   Pet. Traverse at 17–19.

9        Respondent's conduct does not merit sanctions under either Rule 11 or Rule

10  37 for three reasons: (1) contrary to Petitioner's assertions, the Court did not order

11  Respondent to produce the document;[5] (2) Petitioner has not alleged any facts that

12  would suggest bad faith on Respondent's part; and, (3) Petitioner has not alleged

13  that Respondent falsely represented to the Court that he possessed the document in

14  question.[6]

15      IV. MOTION FOR RECONSIDERATION OF REASSIGNMENT OF JUDGE

16          Petitioner argues it was improper for Chief Judge Ishii of the United States

17  District Court for the District of Eastern California to transfer this case from

18  Magistrate Judge Kimberly to Circuit Judge N.R. Smith of the Ninth Circuit.  The

19  Court sees no basis for this argument in either the Local Rules or the Federal

20

21

22

23  [5]At most, the Court noted, in a footnote, that Respondent had not produced the document.
    Findings and Recommendations at 2 n.2.

24  [6]In conjunction with his request for sanctions, Petitioner asks this Court to prohibit
25  Respondent from re-litigating the exhaustion issue, due to: (1) Respondent's alleged failure to
    produce required documents and (2) Respondent's failure to object to the Magistrate Judge's
    Findings and Recommendations.  The Court will not rule on this issue until Respondent attempts
26  to re-litigate the issue and that issue is properly before this Court.

1  Code.[7]  Indeed, the Court noted, consistent with 28 U.S.C. section 636(c)(4), that it

2  was transferring the case for "good cause."  *See* Order of Reassignment.  The

3  Court, therefore, denies Petitioner's motion.

4

5       Accordingly, IT IS HEREBY ORDERED that:

6       1. Petitioner's habeas petition is dismissed without prejudice;

7       2. Petitioner's Request for an Evidentiary Hearing is denied;

8       3. Petitioner's Request for Sanctions against Respondent is denied;

9       and

10      4. Petitioner's Motion for Reconsideration of Reassignment of Judge

11      is denied.

12      DATED:  **January 4, 2010**

13

14

15

16      _____

17      Honorable N. Randy Smith

18      Ninth Circuit Court of Appeals Judge

19

20

21

22

23

24      _____

25      [7]None of the cases cited by Petitioner are on point.  They deal either with the burden on litigants wishing to have the case reassigned, *Lyn Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 292 (9th Cir. 2002), or with transfer of venue, *Lou v. Belzberg*, 834 F.2d 730, 733

26      (9th Cir. 1987); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).