IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEFFON TERRELL SIMMS,                         No. 2:06-CV-01722-NRS

vs.

D.K. SISTO, WARDEN

## AMENDED ORDER

This order amends this Court's earlier order filed on January 4, 2010 and contained in Docket Entry #22.

The Petitioner's Federal Habeas Corpus petition, Petitioner's Request for an Evidentiary Hearing, Petitioner's Request for Sanctions against Respondent, and Petitioner's Motion for Reconsideration of Reassignment of Judge now come before the Court for decision. The Court dismisses Petitioner's habeas petition in part, and orders supplemental briefing in part. The Court denies Petitioner's remaining requests.

## BACKGROUND

Because the parties are familiar with the factual background of this case, the Court highlights here only the events giving rise to the current federal action. After exhausting his direct appeals, Petitioner filed a petition for a writ of habeas corpus and an application to recall the remittur in the California Court of Appeals,

1

Third Appellate District, on May 15, 2006.  The California Court of Appeals denied both petitions on May 18, 2006.  On May 26, 2006, Petitioner filed a petition for review in the California Supreme Court arguing that the Court of Appeals did not consider his application to recall the remittur.  The California Supreme Court denied review.  Shortly thereafter on June 20, 2006, Petitioner filed another petition with the California Supreme Court challenging the Court of Appeals's denial of his motion to recall the remittur.  The California Supreme Court denied review of the petition on July 26, 2006.  On August 4, 2006, Petitioner filed his petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 5, 2007, Respondent filed a motion to dismiss, arguing Petitioner had failed to exhaust his state remedies.  The Magistrate Judge disagreed and issued Findings and Recommendations, wherein the Magistrate Judge recommended denying Respondent's motion to dismiss.  On February 22, 2008, the Court adopted the Magistrate's Findings and Recommendations and ordered Respondent to file an answer to Petitioner's habeas petition.  Respondent filed his answer on April 21, 2008.  On June 24, 2008, Petitioner filed a Traverse, along with (1) his motion for an evidentiary hearing and (2) his request that the Court issue sanctions against Respondent for noncompliance with a state document production order.  On December 1, 2008, this action was reassigned to another judge.  Shortly thereafter, Petitioner moved the Court for reconsideration of its reassignment.

## I. HABEAS PETITION

In his habeas petition, Petitioner alleged four grounds: (1) Ineffective assistance of trial and appellate counsel; (2) Substantially materially false evidence was presented during Petitioner's pre-trial and jury trial proceedings; (3) Violation of Ex Post Facto Clause; and (4) Erroneous sentence under *Blakely v. Washington*,

542 U.S. 296 (2004).  Each argument fails on the pleadings.  Accordingly, the Court dismisses Petitioner's habeas petition without prejudice.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)).  "Rather, that application must be objectively unreasonable." *Id.* at 76.

Moreover, Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases.

For purposes of AEDPA review, this Court looks to the last reasoned state court decision as the basis for the state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).  The California Court of Appeals's summary denial of the petition operates as the last reasoned state court decision. *See Hunter v.*

*Aispuro*, 982 F.2d 344, 348 (9th Cir. 1992).[1]  Thus, the Court must determine whether the California Court of Appeals's denial of Petitioner's habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A. <u>Ineffective Assistance of Trial Counsel</u>

Petitioner first argues that his trial counsel was ineffective for failing to argue a Fourteenth Amendment Due Process violation.  Though the victim in this case filed her complaint in summer 1998, Petitioner was not arrested until spring 2003.  Petitioner contends that this delay was unjustified and that his counsel should have investigated and raised this issue at trial.  Petitioner's argument, therefore, is two-fold: (1) the delay between the filing of the complaint and his arrest was unjustified and violated his Due Process rights; and (2) counsel's failure to investigate and raise this issue (in the form of a *Rost* motion or otherwise) constituted ineffective assistance of counsel.

In deciding whether to grant habeas relief, this Court must determine: (1) whether the delay in Petitioner's arrest violated his due process rights; (2) if the delay did constitute a due process violation, whether Petitioner's counsel was ineffective for not investigating or raising the issue at trial; and (3) if there was a

---

[1] In his Traverse, Petitioner argues that the Court of Appeals's decision does not constitute the last reasoned state court decision.  *See* Pet. Traverse at 8.  However, Petitioner suggests no alternative decision and concedes that such summary dismissals constitute adjudication on the merits.  Petitioner nevertheless argues that the Court is required to conduct an independent review.  Pet. Traverse at 1 (citing *Luna v. Cambra*, 306 F.3d 954, 960 (9th Cir. 2002)).  This argument is irrelevant as to whether the Court of Appeals's decision constitutes the last reasoned state court decision.

4

due process violation and Petitioner's counsel was ineffective for failing to raise the issue at trial, whether the California state court's adjudication of that issue warrants habeas relief under the AEDPA standards.  Petitioner's argument fails under each test.

    1. Whether the Delay in Petitioner's Arrest Violated Petitioner's Fourteenth Amendment Due Process Rights

The Ninth Circuit has developed "a two-prong test for determining if pre-indictment delay has risen to the level of a denial of due process." *United States v. Moran*, 759 F.2d 777, 780 (9th Cir. 1985).  "The first prong of this test is that the defendant must prove 'actual prejudice' occurred from the delay." *Id.*  Once actual prejudice is shown, "the length of the pre-indictment delay and the reason for that delay must be weighed to determine if due process has been violated." *Id.* at 781. California law adds an additional layer of protection, in the form of a *Rost* motion. In *Rost v. Municipal Court*, 7 Cal. Rptr. 869 (Cal. Dist. Ct. App. 1 1960), the court, apparently relying on the California Constitution, held that "the constitutional requirement of a speedy trial requires that a defendant be served with a warrant of arrest within a reasonable time after the filing of the complaint." *Id.* at 873.

Petitioner alleges that, due to the delay, he was unprepared to testify, he was unable to prepare a credible alibi defense, and he was hindered in rendering an accurate account of past events.[2]

Absent evidence of government culpability, "bald assertions" of prejudice

---

[2] In his Traverse, Petitioner also argues that the delay prejudiced him by preventing him from calling certain expert witnesses. *See* Pet. Traverse at 9–14.  However, this argument differs from that raised in Petitioner's original petition.  Respondent has not had a chance to address those arguments.  Thus, the Court hesitates to reach that argument here.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.  In order for the state to be properly advised of additional claims, they should be presented in an amended petition or . . . in a statement of additional grounds."). However, because the Court concludes the delay was reasonable, notwithstanding the prejudice Petitioner allegedly suffered, Petitioner's claim on this basis is dismissed as well.

are insufficient to plead prejudicial delay.  *Moran*, 759 F.2d at 783.  In this case, Petitioner has provided only bare bone allegations that his defense was prejudiced.  Petitioner contends that his alibi defense was weakened, but fails to allege exactly how, if at all, an earlier arrest would have bolstered his alibi defense.  He does not state what facts, if remembered, would have helped his testimony or added to his credibility.   Moreover, any claim that the evidence was stale after five years is mitigated by the fact that Petitioner was arrested within the statutory time period.  *See United States v. Lovasco*, 431 U.S. 783, 789 (1977) ("[The] statute of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee against bringing overly stale criminal charges.'") (citation omitted).  Thus, based on this record, the Court finds Petitioner has not put forth sufficient facts to show he was prejudiced by the pre-arrest delay.

However, even if Petitioner was prejudiced, under both *Rost* and *Moran*, a court must weigh whether the delay was reasonable.  Under this second prong, the Court concludes that the delay was not unreasonable and, thus, there was no Due Process violation.  It appears the prosecution decided to charge Petitioner in 2003, because that was when Petitioner's DNA was matched with the DNA extracted from the victim's vaginal swab.  Moreover, there is no evidence of prosecutorial misconduct or deceitful intent in deciding to bring criminal charges in 2003, within the statute of limitations, and after the discovery of direct DNA evidence.  In Petitioner's case, the pre-indictment delay was neither prejudicial nor unreasonable.

2. Whether Counsel's Failure to Raise the Prejudicial Delay Issue was Ineffective

Petitioner argues that trial counsel's failure to investigate and raise the Fourteenth Amendment issue constituted ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the two-prong test articulated in *Strickland v. Washington.* 466 U.S. 668, 687 (1984). Under *Strickland*, the Court must determine: "(1) whether the performance of counsel was so deficient that he was not functioning as 'counsel' as guaranteed under the Sixth Amendment; and (2) whether this deficient performance prejudiced the defendant by depriving him of a fair trial." *United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994) (citing *Strickland*, 466 U.S. at 691–92). "In determining whether counsel's performance was deficient, [the Court] appl[ies] an objective standard of reasonableness, indulging a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citing *Strickland*, 466 U.S. at 689). Under *Strickland*, the Court determines not what defense counsel *could* have pursued, but rather whether counsel's strategy was *reasonable*. *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998).

If the pre-indictment delay had been unreasonable, then counsel's decision not to investigate or argue the issue at trial would more likely constitute ineffective assistance of counsel. However, because the delay in Petitioner's arrest was reasonable (for all the reasons noted, i.e. arrest was made within the statute of limitations, the police had no evidence until 2003, no evidence of malicious intent, the high standard for proving Due Process violations under these circumstances), the Court cannot conclude that Petitioner's counsel was defective for choosing not to pursue that argument. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("[A] [c]ounsel's failure to make a futile motion does not constitute ineffective assistance

7

of counsel.").

      3. Whether the California State Court's Adjudication of Petitioner's claims Should Result in Habeas Relief under AEDPA

The Court's ultimate task is to determine whether the California Court of Appeals's adjudication of the issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As no prima facie due process or ineffective assistance of counsel claim has been shown, the Court cannot conclude that the California Court of Appeals's adjudication of Petitioner's claim warranted habeas relief under AEDPA.

B. <u>Ineffective Assistance of Appellate Counsel</u>

Petitioner also contends his appellate counsel was ineffective for failing to appeal the issue that the state's five-year delay in making its arrest violated the Fourteenth Amendment. *See* Pet. Traverse at 15–16. "[T]he proper standard for evaluating [Petitioner's] claim that appellate counsel was ineffective . . . is that enunciated in *Strickland v. Washington*." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). For the same reasons Petitioner's ineffective assistance of trial counsel claim fails, the Court finds appellate counsel was not ineffective for declining to pursue a claim that had little likelihood of success.

C. <u>Materially False Evidence</u>

Petitioner next alleges false evidence was presented at trial. This claim also fails.

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26 (citing *Boehme v.*

*Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)).

It is not entirely clear what Petitioner is alleging here. Petitioner merely wrote "substantially materially false evidence was presented during petitioner's pre-trial and jury trial proceedings." Habeas Petition at 5. However, nowhere in the accompanying documents has Petitioner clarified the facts or theory behind this claim. Petitioner's claim here is not supported by a statement of specific facts, is unclear, and does not warrant habeas relief.

D. <u>Violation of Ex Post Facto Clause</u>

Petitioner argues that the application of California Penal Code section 295 to his pre-1998 conviction under California Penal Code section 273.5 violates the Ex Post Facto clause of the United States Constitution. Under AEDPA, the Court does not determine whether the application of section 295 violates the Ex Post Facto clause, but rather whether the California Court of Appeals's adjudication of Petitioner's claim on this ground "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Court finds the state court decision did not meet either of these standards and denies habeas relief on this ground.

Petitioner was convicted of domestic abuse under California Penal Code section 273.5 in 1997. In 1998, California enacted section 295 of the California Penal Code, which gave law enforcement authorities the right to collect DNA samples from individuals convicted of certain crimes, including those convicted under California Penal Code section 273.5. In 1998, the victim in this case alleged rape and a DNA sample was collected from a vaginal swab of the victim. Under

the 1998 law, authorities collected a DNA sample from Petitioner in 1999. In 2003, law enforcement authorities matched Petitioner's 1998 DNA sample with the DNA sample collected from the victim's vaginal swab. In sum, Petitioner argues that the application of section 295, which was enacted after Petitioner had already been convicted under section 273.5, constituted a violation of the Ex Post Facto clause of the United States.

The Supreme Court has clarified the meaning of the Ex Post Facto clause. In sum, the clause prohibits: "[1] any statute which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission[;] or [3] which deprives one charged with crime of any defense available according to law at the time that the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925)). Further, a statute that is not punitive cannot be ex post facto. *See Smith v. Doe*, 538 U.S. 84, 92–97 (2003).

Under the first prong of the *Collins* test, section 295 does not criminalize any retroactive behavior. Under the third prong, section 295 does not deprive a defendant of any defense available.[3] Thus, whether section 295 constitutes an ex post facto law hinges on whether, under the second prong, it "makes more burdensome the punishment for a crime, after its commission." *Collins*, 497 U.S. at 42. It does not.

Requiring the collection of a DNA sample after the commission of a crime did not enhance Petitioner's sentence or affect his parole in any way. At most, the statute slightly burdened Petitioner by requiring him to submit the sample. This

---

[3]Whether the DNA collection was unlawful under the Fourth Amendment is an independent inquiry. Though Petitioner moved to suppress the DNA evidence at trial (which motion was denied), Petitioner has not raised the issue in this habeas petition. The Court, therefore, does not address it.

10

can hardly be charactered as punitive. *Cf. Smith*, 538 U.S. at 103–06 (holding that retroactively requiring sex offenders to register was not punitive and did not violate the Ex Post Facto clause).[4]

Accordingly, the California Court of Appeals's decision was not "contrary to, or involved an unreasonable application of" any clearly established Supreme Court precedent; nor was the state court decision "based on an unreasonable determination of the facts." Habeas relief, therefore, is not warranted under AEDPA.

E. <u>Erroneous Sentence Under *Blakely v. Washington*</u>

Finally, Petitioner argues that the California state court's imposition of the upper-term sentence of eight years violated his Sixth Amendment Right to a Jury Trial under the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner was convicted of forcible rape as defined by California Penal Code section 261. The court then sentenced him to eight years in prison according to California Penal Code section 264, which authorizes sentences of three, six, or eight years for convictions of forcible rape. Because the state court based its decision on Petitioner's prior criminal history and unsatisfactory parole and probation performance, Petitioner argues that the court enhanced Petitioner's sentence based on factors not presented to the jury.

After Petitioner filed his habeas petition but before Respondent filed his answer, the Supreme Court issued an opinion in *Cunningham v. California*, 549 U.S. 270 (2007). As the Supreme Court in *Cunningham* found unconstitutional

---

[4] In *Smith*, the Court described a process for determining whether the legislature intended a statute to be punitive. 538 U.S. at 92–96. The Court need not examine legislative intent in this instance, because section 295 is, on its face, not punitive.

parts of the same statutory scheme at issue in Petitioner's action, it appears *Cunningham* directly impacts Petitioner's habeas petition. Because neither party has briefed the effect *Cunningham* has on Petitioner's habeas petition, the Court declines to adjudicate the issue now. Thus, the Court directs the parties to submit supplemental briefs addressing the impact of *Cunningham* on Petitioner's Sixth Amendment Right to Jury Trial claim. These supplemental briefs shall be no longer than ten pages and shall be submitted within 30 days of the filing of this order. Parties who are registered for ECF must file the supplemental brief electronically without submission of paper copies. Parties who are not registered ECF filers must file the original supplemental brief plus 2 paper copies.

## II. REQUEST FOR EVIDENTIARY HEARING

Petitioner has requested the Court hold an evidentiary hearing, in which Petitioner will be able to more fully present his ineffective assistance of counsel claim. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, it true, would entitle the applicant to federal habeas relief. . . . It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

For all the reasons noted above, this record precludes granting an evidentiary hearing.

## III. REQUEST FOR SANCTIONS AGAINST RESPONDENT

Petitioner has moved the court, pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure, to impose sanctions on Respondent for failing to produce certain documents. The Court denies Petitioner's motion.

Rule 11 allows courts to impose sanctions on an attorney when that attorney

has presented the court, in bad faith, with certain documents for an improper purpose. Fed. R. Civ. P. 11(b). Rule 37 allows courts to impose sanctions when an attorney fails to produce certain required disclosures. Fed. R. Civ. P. 37(a).

Respondent filed a Motion to Dismiss for failure to exhaust state remedies in response to Petitioner's habeas petition. In his reply memo, Petitioner argued that Respondent had failed to lodge a copy of Petitioner's state court motion to recall the court's remittur. Petitioner claimed that document proved his allegedly unexhausted claims were in fact exhausted. In the Magistrate Judge's Findings and Recommendations, the Court noted that "Respondent ha[d] not lodged a copy of petitioner's motion to recall the remittur." Findings and Recommendations at 2 n.2. However, this fact was irrelevant, as the Magistrate Judge nonetheless denied Respondent's motion to dismiss. In his Answer, Respondent noted that he had not received a copy of Petitioner's application to recall the remittur. Respondent's Answer at 3 n.2. Now, apparently in response to this footnote, Petitioner alleges the Court should impose sanctions against Respondent for: (1) failing to produce this document and (2) making false and misleading representations to the Court. Pet. Traverse at 17–19.

Respondent's conduct does not merit sanctions under either Rule 11 or Rule 37 for three reasons: (1) contrary to Petitioner's assertions, the Court did not order Respondent to produce the document;[5] (2) Petitioner has not alleged any facts that would suggest bad faith on Respondent's part; and, (3) Petitioner has not alleged that Respondent falsely represented to the Court that he possessed the document in

---

[5]At most, the Court noted, in a footnote, that Respondent had not produced the document. Findings and Recommendations at 2 n.2.

13

question.[6]

### IV. MOTION FOR RECONSIDERATION OF REASSIGNMENT OF JUDGE

Petitioner argues it was improper for Chief Judge Ishii of the United States District Court for the District of Eastern California to transfer this case from Magistrate Judge Kimberly to Circuit Judge N.R. Smith of the Ninth Circuit. The Court sees no basis for this argument in either the Local Rules or the Federal Code.[7] Indeed, the Court noted, consistent with 28 U.S.C. section 636(c)(4), that it was transferring the case for "good cause." *See* Order of Reassignment. The Court, therefore, denies Petitioner's motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The first three grounds of Petitioner's habeas petitioner ((1) Ineffective assistance of trial and appellate counsel; (2) Substantially materially false evidence was presented during Petitioner's pre-trial and jury trial proceedings; and (3) Violation of Ex Post Facto Clause) are dismissed without prejudice;

2. The parties are directed to submit supplemental briefing, within 30 days of the filing of this order, addressing the effect *Cunningham v. California*, 549 U.S. 270 (2007) has on Petitioner's Sixth Amendment Right to Jury Trial claim;

---

[6] In conjunction with his request for sanctions, Petitioner asks this Court to prohibit Respondent from re-litigating the exhaustion issue, due to: (1) Respondent's alleged failure to produce required documents and (2) Respondent's failure to object to the Magistrate Judge's Findings and Recommendations. The Court will not rule on this issue until Respondent attempts to re-litigate the issue and that issue is properly before this Court.

[7] None of the cases cited by Petitioner are on point. They deal either with the burden on litigants wishing to have the case reassigned, *Lyn Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 292 (9th Cir. 2002), or with transfer of venue, *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

3. Petitioner's Request for an Evidentiary Hearing is denied;

4. Petitioner's Request for Sanctions against Respondent is denied; and

5. Petitioner's Motion for Reconsideration of Reassignment of Judge is denied.

DATED: **January 8, 2010**

*/s/ N. Randy Smith*

_____

Honorable N. Randy Smith

Ninth Circuit Court of Appeals Judge