IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEFFON TERRELL SIMMS,

    Petitioner,                    No. 2:06-CV-01722-NRS

    vs.

D.K. SISTO, Warden,

    Respondent.              <u>ORDER</u>

Petitioner, a state prisoner, has timely filed a notice of appeal of this court's January 4, 2010 denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

"To obtain a COA under [28 U.S.C.] § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right . . . ." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A habeas prisoner satisfies this requirement by showing that reasonable jurists could debate whether the habeas claims should have been resolved in a different manner. *Id*. The court must either issue a COA indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition was decided on the merits of the issues, a COA should issue if the petitioner can show that reasonable jurists could debate whether the state adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).

Petitioner seeks a COA only on the issue of whether the California state court's imposition of the upper-term sentence of eight years violated his Sixth Amendment Right to a Jury Trial under the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007). Because Petitioner cannot demonstrate that reasonable jurists would find it debatable whether the state adjudication of this issues satisfies the standard articulated above, a COA should not issue in this action.

Petitioner was convicted of forcible rape as defined by California Penal Code section 261. The court sentenced him to eight years in prison pursuant to California Penal Code section 264, which authorizes sentences of three, six, or eight years for convictions of forcible rape. The California state court based its sentencing decision on Petitioner's prior criminal history and unsatisfactory parole and probation performance. Petitioner argues the court enhanced his sentence based on factors not presented to the jury in violation of the Supreme Court's holding in *Blakely*. Application for Certificate of Appealability 1–2. The Court held in *Blakely* that, "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt.'" 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (emphasis added). In Petitioner's case, state law authorizes a sentence of eight years on the basis of a guilty verdict for forcible rape. *See* California Penal Code section 264. Because the state court's ultimate sentence did not exceed the statutory maximum, neither *Apprendi* nor *Blakely* were implicated. Therefore, this Court finds that Pierce has not met his burden of demonstrating that

reasonable jurors would find it debatable whether Petitioner was entitled to relief as to this issue.

Additionally, Petitioner has not briefed the effect of *Cunningham v. California*, 549 U.S. 270 (2007), on this case. In the January 8, 2010 order denying Petitioner's habeas petition, this Court directed the parties to submit supplemental briefing addressing the impact of *Cunningham* on Petitioner's Sixth Amendment Right to a Jury Trial claim. On Petitioner's motion, this Court granted Petitioner a 60-day extension of time in which to file supplemental briefing on this issue, running from the date of the March 1, 2010 order. When Petitioner failed to respond, this Court dismissed his habeas petition without prejudice on June 3, 2010. Because *Cunningham*'s effect on Petitioner's Sixth Amendment Right to a Jury Trial claim has not been briefed or addressed by this court, Petitioner has not made "a substantial showing of the denial of a constitutional right" sufficient to warrant a certificate of appealability on this issue. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, Simms's Application for a Certificate of Appealability is DENIED.

IT IS SO ORDERED.

DATED: **January 6, 2011**

_____

Honorable N. Randy Smith

Ninth Circuit Court of Appeals Judge